Argued at Pendleton, October 29; reversed November 26, 1929

STATE *v.* FRED M. BLACK.

(282 Pac. 228)

For appellant there was a brief and oral arguments by *Mr. Robert V. Chrisman* and *Mr. D..W. Sheahan.*

For respondent there was a brief and oral argument by *Mr. S. H. Burleigh,* District Attorney.

BEAN, J. The acts constituting the alleged crime were committed in Wallowa county. See *State v. New-berg,* 129 Or. 564 (278 P. 568). The constitution of the state of Oregon directs that in all criminal prosecu-

tions the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; Oregon Constitution Art. I, § 11; U. S. Const. 6th Amend.

Section 1391, O. L., provides, in part as follows:

"In an action for a felony, when the cause is at issue upon a question of fact, the court may order the place of trial to be changed, as follows:

"1. When it appears by affidavit, to the satisfaction of the court, that a fair and impartial trial cannot be had in the county where the action is commenced; * * *."

The right of defendant to a trial in Wallowa county could be waived by a proper application for a change of the place of trial under this section: 16 C. J., p. 203, § 305.

For a kind of setting, although not directly in point, we will refer to a few general rules. Numerous cases hold that, under a constitutional provision securing to accused a trial by jury in the county or district in which the crime was committed, the trial cannot be transferred to another county, on motion of the district or prosecuting attorney, over the objection, or without the consent, of accused: 16 C. J. 202, § 303 & Notes.

We quote from 16 C. J., p. 28, § 312:

"It seems that the court has no power of its own motion to change the venue, unless such power is conferred by statute, as it is in some jurisdictions. But in Arkansas a statute authorizing a judge to remove a cause of his own motion has been held unconstitutional as in violation of a constitutional provision guaranteeing accused a trial by an impartial jury of the vicinage."

That part of section 329, page 217 of the same volume, cited and relied upon by the district attorney reads thus:

"On change of venue, until the prisoner has been transferred, the court granting the change of venue can reopen the proceedings with a view to the modification or rescission of the first order, or or the substitution of another order."

In the case at bar the application for the change of the place of trial made by the defendant and denied by the court, after a trial of the case, in Wallowa county and a disagreement of the jury, and some time had elapsed, the condition and circumstances had so changed that we think the defendant in a felony case was entitled to be heard upon the question of revoking the former order and granting a change. The defendant promptly appeared by his attorney thereafter and was accorded a hearing. He requested the court to vacate the order granting a change of the place of trial and strenuously objected to such change. When the case was called for trial in Union county counsel for defendant renewed the objection to proceed with the case in Union county.

The former application of the defendant, under the circumstances of the case, had then become *functus officio,* so that the order granting the change was to all intents and purposes effectuated over the objections of the defendant. We think he did not waive his constitutional right to have the cause tried in Wallowa county and that the order changing the place of trial should have been revoked upon the hearing, and that the granting of a change of the place of trial was erroneous.

The revoking of the former order denying a change of the place of trial under the circumstances detailed

was not analogous to the ordinary change or correction of a ruling of the court.

In view of the fact that the companion case of *State v. Newberg,* supra, in which Newberg was jointly indicted with this defendant, was before this court and an opinion rendered therein, we see no. necessity for the consideration of other questions mentioned in the briefs.

The judgment of the trial court must be reversed and the cause remanded for a new trial. It is so ordered.                                          REVERSED.